UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 21 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

RAFAEL ANTONIO SOMARRIABA PEREZ,

Petitioner,

v.

26-CV-2177 (JLS)

MICHAEL BALL, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; PHILIP RHONEY, *in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; DAVID VENTURELLA, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *in his official capacity as acting U.S. Attorney General*; MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*,

Respondents.

## ORDER

Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) under Second Circuit caselaw. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); Dkt. 4. As a result, the immigration court has jurisdiction over a bond hearing, pursuant to *Da Cunha*. Because Petitioner's detention has not become

prolonged[1] under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), that case does not require burden-shifting at the bond hearing. Accordingly, Respondents are ordered to provide Petitioner with a bond hearing under the relevant regulations by no later than **November 4, 2026**.

Furthermore, Petitioner's arguments regarding his arrest are without merit for the reasons stated in Respondents' response. Dkt. 5. *See also Palma v. Powell*, 828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026) ("[T]he Constitution does not prohibit arrests made in violation of statute" (citing *Virginia v. Moore*, 553 U.S. 164, 176–78 (2008)); *id.* (explaining that the "Fourth Amendment permits warrantless arrests where the arresting officer possesses probable cause," and that, even if the petitioner's arrest was warrantless, it "may still have been constitutional if the arresting officers had probable cause to believe that he committed a crime in their presence or had committed a felony"); *id.* ("Regardless, habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody . . . If lawful grounds for detention exist, [the petitioner] is not entitled to release even if there were flaws in his original arrest") (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). *Cf. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit

---

[1] Petitioner was detained by immigration authorities on September 21, 2026. *See* Dkt 1 ¶ 1.

of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." (citations omitted)).[2]

IT IS HEREBY ORDERED that Respondents shall provide Petitioner with a bond hearing under the relevant regulations by no later than **November 4, 2026**, at which Petitioner bears the burden to establish that he is neither a flight risk nor a threat to safety such that he is entitled to release from custody; and it is further

ORDERED that the Clerk of Court is directed to close this case.

Dated: October 21, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] *See also Rajah v. Mukasey*, 544 F.3d 427, 447 (2d Cir. 2008) (noting that "litigating the conduct surrounding an arrest would impose an intolerable administrative burden on the immigration enforcement system. Given that officers may arrest several aliens per day, they 'cannot be expected to compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest.'" (quoting *Lopez-Mendoza*, 468 U.S. at 1049)).